FILED
2026 JUL 23 P 1:29

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

Michael Gregory Bahlmann,

Plaintiff,

v.

**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY,**

Defendant.

Civil Action No. 1:26cv2220-MSN-LRV

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Michael Gregory Bahlmann, proceeding pro se, brings this action under the Freedom of Information Act ("FOIA") concerning DCSA request number DCSA-M 26-11094.

## NATURE OF THE ACTION

1. This action concerns DCSA request number DCSA-M 26-11094, a combined FOIA and Privacy Act request for records concerning Plaintiff.

2. Plaintiff requested expedited processing because the requested records are needed in Michael Bahlmann v. GCI, Inc., Case No. CL2025-0013309, pending in the Circuit Court of Fairfax County, Virginia (the "Fairfax Action").

3. DCSA acknowledged the request and placed it in its ordinary processing queue, but did not grant or deny expedited processing within the applicable ten-day period.

4. Plaintiff seeks judicial review of the unresolved expedited-processing request and effective relief requiring prompt processing and production of responsive, nonexempt records.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. FOIA subjects an agency's failure to respond timely to an expedited-processing request to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

7. Venue is proper in this District because Plaintiff resides in Alexandria, Virginia. 5 U.S.C. § 552(a)(4)(B).

8. The Alexandria Division is the appropriate division because Plaintiff resides in the City of Alexandria.

## PARTIES

9. Plaintiff Michael Gregory Bahlmann is a resident of Alexandria, Virginia and the requester associated with DCSA-M 26-11094.

10. Defendant Defense Counterintelligence and Security Agency ("DCSA") is a component of the United States Department of Defense that received and is processing the request through its FOIA and Privacy Office for Adjudications and Vetting.

## FACTUAL ALLEGATIONS

11. Plaintiff is the plaintiff in the Fairfax Action. That action includes defamation claims arising from reports and communications concerning Plaintiff's security-clearance eligibility, professional conduct, and standing in the cleared-contracting community.

12. GCI, Inc. has asserted an absolute-privilege and plea-in-bar theory that treats challenged DISS/DCSA communications as mandatory security reporting.

13. The requested records concern the reporting channel and authority, whether any report was required, what DCSA received, how DCSA treated the information, and whether the resulting loss-of-jurisdiction status reflected a merits adjudication.

14. The Fairfax Action remains active. Plaintiff will need the requested records for discovery, briefing, and an evidentiary proceeding concerning GCI's asserted reporting obligation and privilege.

15. Plaintiff's combined FOIA and Privacy Act request, attached as Exhibit B, is dated June 28, 2026. In that request, Plaintiff requested expedited processing under 32 C.F.R. § 286.8(e)(1)(ii)(A).

16. The request stated that Plaintiff was in active litigation in the Circuit Court of Fairfax County and the Eastern District of Virginia; that the requested materials were needed to amend his complaints; that failure to amend properly could result in both cases failing; and that time was of the essence. Plaintiff signed the request under penalty of perjury that the foregoing was true and correct.

17. On July 9, 2026, DCSA acknowledged receipt, assigned tracking number DCSA-M 26-11094, and stated that the request had been placed in its queue.

18. DCSA stated that requests were processed in the order received and asked Plaintiff to allow ninety days before submitting a status inquiry.

19. The acknowledgment did not grant or deny expedited processing.

20. Later on July 9, 2026, Plaintiff replied that DCSA had not resolved expedited processing and again identified the imminent-loss-of-due-process ground.

21. On July 17, 2026, Plaintiff again stated in writing that expedited processing had been neither granted nor denied.

22. The July 9 acknowledgment and Plaintiff's written follow-ups are attached as Exhibit A and incorporated by reference. A redacted true and correct copy of Plaintiff's original FOIA/Privacy Act request, including its expedited-processing justification and signed certification, is attached as Exhibit B and incorporated by reference.

23. On July 21, 2026, Plaintiff called DCSA concerning the unresolved expedited-processing request. No one answered. Plaintiff left a voicemail, and DCSA did not return the call before this action was prepared.

24. More than ten calendar days elapsed after DCSA received the expedited-processing request without a written grant-or-deny decision.

25. As of filing, DCSA has not issued an expedited-processing determination, placed the request in an expedited track, or produced responsive records.

## COUNT I - FAILURE TO MAKE A TIMELY EXPEDITED-PROCESSING DETERMINATION

26. Plaintiff incorporates paragraphs 1 through 25.

27. FOIA required a determination and notice concerning expedited processing within ten days. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

28. The applicable DoD regulation required DCSA to notify Plaintiff within ten calendar days whether expedited processing was granted or denied. 32 C.F.R. § 286.8(e)(4).

29. DCSA did not issue that determination within the statutory and regulatory period.

30. DCSA's failure to respond timely is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

## COUNT II - ENTITLEMENT TO EXPEDITED PROCESSING AND EFFECTIVE RELIEF

31. Plaintiff incorporates paragraphs 1 through 30.

32. Plaintiff requested expedited processing under the DoD criterion for imminent loss of substantial due process rights. 32 C.F.R. § 286.8(e)(1)(ii)(A).

33. Plaintiff identified the pending Fairfax Action, the requested records' relevance to GCI's reporting and privilege theory, and the risk that delay would prevent meaningful use of the records before material state-court issues are resolved.

34. DCSA placed the request in its ordinary queue and did not decide the expedited-processing request.

35. Plaintiff seeks de novo review on the record before DCSA, an order granting expedited processing, and such production and case-management relief as is necessary to make expedited processing effective. 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that DCSA failed to comply with 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 32 C.F.R. § 286.8(e)(4);

B. Review the expedited-processing request de novo on the record before DCSA and grant expedited processing under 32 C.F.R. § 286.8(e)(1)(ii)(A);

C. Order DCSA to place DCSA-M 26-11094 in the expedited-processing track and process it as soon as practicable;

D. Enter an accelerated production schedule, including rolling production where appropriate, and require reasonable status reports until processing is complete;

E. If DCSA withholds any record or portion, require an exemption-specific Vaughn index or equivalent declaration and production of all reasonably segregable nonexempt material;

F. Declare that the ordinary first-in, first-out process may not displace the expedited-processing requirements applicable to this request;

G. Retain jurisdiction until DCSA completes processing and the Court resolves any disputed withholdings;

H. If Plaintiff substantially prevails, award reasonable litigation costs under 5 U.S.C. § 552(a)(4)(E);

I. Reserve any issue under 5 U.S.C. § 552(a)(4)(F) unless and until all statutory prerequisites are satisfied; and

J. Grant such other relief as the Court deems just and proper.

Dated: July 23rd, 2026

Respectfully submitted,

[signature]

Michael Gregory Bahlmann, Pro Se
200 North Pickett Street, Unit 207
Alexandria, Virginia 22304
(703) 581-9920
michael.g.bahlmann@gmail.com

## LOCAL RULE 83.1(N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of this Complaint.

Michael Gregory Bahlmann

Name of Pro Se Party (Print or Type)

______________________________

Signature of Pro Se Party

Executed on: July 23rd, 2026 (Date)